IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SZY HOLDINGS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01475-LO-JFA |
| | ) | |
| IPF SOURCING LLC | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT DISCOVERY PLAN

SZY Holdings, LLC ("SZY"), FarFromBoringPromotions.com, LLC ("FFB") and IPF Sourcing LLC ("IPF") submit the following discovery plan.

Plaintiff and Defendants (collectively the "Parties") conferred on May 11, 2021 to consider the claims, defenses, possibilities of a prompt settlement, trial before a magistrate judge, to discuss and arrange for the disclosures as required Rule 26(a)(1), and to develop a discovery plan. The parties stipulate and agree as follows:

1.      Initial Disclosures: Rule 26(a)(1) disclosures shall be made on or before May 27, 2021.

2.      Settlement:  Some settlement discussions took place before Plaintiffs commenced this action.  The Parties may seek a settlement conference with Magistrate Judge Anderson as the case progresses.

3.      Trial Before Magistrate Judge:  The Parties have conferred and do not agree to try this matter in front of a Magistrate Judge.

4.      Rule 26(a)(2) Disclosures:  The Parties agree to the following schedule for the Rule 26(a)(2) disclosures:

Initial Rule 26(a)(2) disclosures: August 2, 2021.

Rebuttal Rule 26(a)(2) disclosures: August 23, 2021

Any rebuttal report(s) shall strictly be limited in scope to matters truly in the nature of rebuttal and shall not raise new issues.  Depositions of any experts shall occur after August 23, 2021 and shall be completed no later than the September 10, 2021 Discovery Deadline.

5.      <u>Subpoenas</u>:  The Parties shall promptly provide all other Parties with objections, responses and copies of all discovery materials received in response to any Fed. R. Civ. P. 45 subpoena.

6.      <u>Service and Filing of Discovery, Motions, and All Other Documents</u>:  Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures.  Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that service of notices of deposition, discovery requests and other such papers not required to be filed with the Clerk of Court will be accepted by electronic means ("e-mail"), and that service is complete upon and on the day of transmission (in which case the three additional days provided by Fed R. Civ. P. 6(d) shall not apply; service is treated as if delivered by hand on the date of the email transmission).  Service of all pleadings, discovery responses, and other documents for which no response is required from the opposing party shall be deemed to be complete upon and on the day of transmission via e-mail provided that the party to be served receives the transmission prior to (and including) 11:59 P.M. US Eastern Time.  Any attachments to discovery, deposition notices or other papers not filed with the Clerk of Court shall either be e-mailed simultaneously or sent via secure file transfer protocol as soon as possible following the e-mail transmission.  The Parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the party making service receives any type of

communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail and shall be considered effective upon receipt by either method.

7.      Protective Order:  The Parties agree that a Protective Order will likely be necessary to protect confidential information in this case.  The Parties contemplate a Protective Order which shall provide that information produced in discovery may only be used for purposes of this action, and which also provides confidentiality protections for confidential financial and competitively sensitive business information.  Confidential information may be filed under seal as appropriate. The Parties understand and acknowledge that a party or nonparty must apply for authorization to file Confidential materials under seal in accordance with the procedures set forth in Local Civil Rule 5.

8.      Discovery of Electronically-Stored Information:  The Parties agree to cooperate in the exchange of ESI in a reasonable manner to mitigate the expense of production.  The Parties do not currently expect that the volume of ESI will be so significant that an ESI protocol will be necessary or helpful.  The parties acknowledge that they have taken reasonable measures to ensure relevant documents have been preserved.

9.      Claims of Privilege or Protection of Trial Preparation Materials:  If a privilege or privileges are asserted as to any information requested in discovery, the party asserting privilege shall specify the legal basis for such assertion and identify sufficient facts giving rise to any alleged claim of privilege.  The party asserting privilege shall identify any information, document, or other material for which any privilege is asserted by means of a privilege log.  The parties have agreed that a privilege log is not necessary for attorney-client communications that have occurred after

the filing of this case.  The parties are in discussion concerning the need for a privilege log for attorney-client communication that have occurred prior to the commencement of this case.

Respectfully submitted,

*/s/  Robert C. Gill*
Robert C. Gill (VSB #26266)
robert.gill@saul.com
Ian McLin (VSB# 92403)
ian.mclin@saul.com
Saul Ewing Arnstein & Lehr LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006-3434
Tel: (202) 295-6605
Fax: (202) 295-6705

*Counsel for Plaintiffs*

*/s/ John A. Bonello*
John A. Bonello (VSB# 71926)
DAVID, BRODY & DONDERSHINE, LLP
2100 Reston Parkway
Suite 370
Reston, Virginia  20191
Tel: (703) 264-2220
jbonello@dbd-law.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021 true and correct copy of the foregoing **JOINT DISCOVERY PLAN** was served via the Court's ECF system on all counsel of record.

/ s/ *Robert C. Gill*
Robert C. Gill