IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SZY HOLDINGS, LLC, *et al.*,
                    Plaintiffs,

        v.                                          No: 1:20-cv-01475–MSN-JFA

RICO GARCIA, *et al.*,
                    Defendants.

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on the Motion for Reconsideration and to Compel Arbitration filed by Defendants Rico Garcia and Hamsa Holdings (Dkt. No. 89). Having considered the motion, the opposition, the order denying the motion to dismiss, and for the reasons stated below, the Court **DENIES** the motion for reconsideration and **DENIES** the motion to compel arbitration.

## I.      PROCEDURAL HISTORY

On December 20, 2020, SZY Holdings, LLC ("SZY") and FarFromBoring Promotions.com, LLC ("FFB," together with SZY, "Plaintiffs") filed a complaint against IPF Sourcing LLC ("IPF") alleging breach of contract related to distribution agreements whereby IPF was to supply FFB's retail customers with millions of bottles of hand sanitizer during the onset of the COVID-19 pandemic. *See* Compl. (Dkt. No. 1). FFB assigned its rights under the distribution agreements to SZY, which alleged that it had transmitted payment to IPF but that IPF failed to provide the hand sanitizer to FFB's customers pursuant to the distribution agreements. *Id.* ¶ 15–18.

On November 9, 2021, Plaintiffs filed an amended complaint, adding Rico Garcia and Hamsa Holdings, LLC ("Hamsa Holdings") as defendants. First Am. Compl. ("FAC") (Dkt. No.

19). In the FAC, Plaintiffs identified Garcia as the sole or controlling member of both Botani Labs, LLC ("Botani Labs") (which was not named as a defendant in Plaintiffs' FAC) and Hamsa Holdings, and alleged fraud and unjust enrichment against Garcia. FAC ¶¶ 4, 5, 57–66. Plaintiffs alleged SZY had transferred funds to a neutral third party for purposes of distributing those funds to manufacturers under the distribution agreements, and that the neutral third party then transferred $2,493,750 to Botani Labs, a vendor for IPF. *Id.* ¶ 22. Plaintiffs further alleged that IPF and one of its vendors were engaged in an arbitration concerning whether the vendor materially breached its obligations under the terms of the vendor's agreement with IPF ("IPF-Botani Agreement"). *Id.* ¶ 26. The FAC provided additional allegations concerning the IPF-Botani Agreement and Botani Labs's failure to perform under that agreement. *See id.* ¶¶ 32–43. Although Plaintiffs did not bring any claims against Hamsa Holdings specifically in the FAC, Plaintiffs alleged that Garcia was the principal of Botani Labs, and that Garcia created Hamsa Holdings six days after his receipt of the $2,493,750 from the neutral third party. *Id.* ¶ 40. Plaintiffs alleged that discovery from the IPF arbitration "showed that on May 11, 2020 Mr. Garcia deposited $2,428,783.00 into an account in the name of Hamsa Holdings, LLC at a Bank of America branch in Nevada." *Id.* ¶ 41; *see also id.* ¶ 61. According to Plaintiffs, "Mr. Garcia had planned at all relevant times to convert, abscond with and steal the $2,493,750.00 which he obtained from [the neutral third party] under false pretenses." *Id.* ¶ 42.

On March 4, 2022, Plaintiffs requested entry of default as to defendants Garcia and Hamsa Holdings (hereinafter, "Defendants"), and moved for default judgment as to Defendants on March 11, 2022. (Dkt. Nos. 27, 30). A hearing on the motion was held on April 15, 2022, during which the motion for default judgment was held in abeyance and Defendants were provided with 14 days to move to set aside the default. (Dkt. Nos. 45, 46). After the parties briefed Defendants' motion

to set aside the default, Defendants' motion to set aside the default was granted on May 13, 2022. (Dkt. Nos. 61, 63).

Plaintiffs filed their second amended complaint on May 27, 2022. Second Am. Compl. ("Second Amended Complaint" or "SAC") (Dkt. No. 68). The underlying factual allegations of the SAC largely remained the same as in the FAC, but Plaintiffs now bring claims against Garcia for fraudulent conveyance (rather than fraud) and against Garcia and Hamsa Holdings for unjust enrichment. SAC ¶¶ 57–68. Plaintiffs allege that "[w]ithin days after receipt of the $2,493,750.00 . . . Mr. Garcia withdrew the funds from the Botani Labs bank account and transferred them into an account for [Hamsa Holdings] with the intent to hinder, delay and defraud the creditors of Botani Labs, including Plaintiffs. Mr. Garcia's intent was to make the $2,493,750.00 unavailable to satisfy the claims of creditors of Botani Labs, specifically including Plaintiffs, who were the source of these funds." *Id.* ¶ 61.[1]

On June 17, 2022, Defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). *See* Mot. to Dismiss Second Am. Compl. ("Mot. to Dismiss") (Dkt. No. 76). Specifically, Defendants "move[d] to dismiss the Second Amended Complaint for lack of personal jurisdiction, preemption by a binding arbitration agreement, and failure to state a claim" "[p]ursuant to Federal Rule[] of Civil Procedure 12(b)(6)." *Id.* at 1. Defendants argued that (1) the court lacked personal jurisdiction over Garcia and Hamsa Holdings (*id.* at 4–14); (2) that "Plaintiffs are bound by the contract's arbitration clause, and [that] dismissal is required under the [Federal Arbitration Act]" (*id.* at 14–15); and (3) that Plaintiffs have failed to state claims of fraudulent conveyance and unjust enrichment (*id.* at 16–21). Plaintiffs filed an Opposition to the

---

[1]    The factual allegations of Plaintiffs' Second Amended Complaint are set forth in additional detail in Judge O'Grady's August 15, 2022 Order denying the motion to dismiss, which is the subject of the motion for reconsideration filed by Defendants. *See* Order ("Order" or "August 15 Order") (Dkt. No. 88) at 1–3.

motion (Dkt. No. 85) ("Opp. to Mot. to Dismiss"), and Defendants filed a Reply in support of their

Motion (Dkt. 86) ("Reply in Supp. Mot. to Dismiss").

On July 1, 2022, the parties entered a stipulation, which stated in part as follows:

[U]nder the agreement, Defendants hereby waive all objections and their asserted challenges to this Court's exercise of personal jurisdiction over them, and they submit to the jurisdiction of the Court. Defendants also waive their challenges to the validity of service of process on them in this matter, and hereby withdraw Section I of their Motion to Dismiss (Dkt. 76).

Stipulation (Dkt. No. 83) at 1.

On August 15, 2022, Judge O'Grady entered an order denying Defendants' motion to

dismiss. In his Order Judge O'Grady concluded that "because the arbitration agreement is not

integral to SZY's Complaint," it was therefore "unnecessary to decide the application of the

arbitration agreement." Order at 5.[2] Regarding the fraudulent conveyance claim, the court applied

the choice of law rules of Virginia that fraudulent conveyance is a tort claim to be governed by the

law of the place of the wrong (Nevada) and held that Plaintiffs "alleged facts that are sufficient to

state a claim for fraudulent conveyance that is plausible on its face under Nevada law." Order at

8; *see id.* at 6–8. Judge O'Grady also concluded that, even if the court were to conclude that

Colorado law or federal common law applies, as Defendants argued, Plaintiffs alleged facts

sufficient to support their claim of fraudulent conveyance. *See id.* at 8–9.

Regarding the unjust enrichment claim, the court concluded that district courts in Virginia

"have treated unjust enrichment claims differently based on whether the court understands the

unjust enrichment claim to be a contract claim or a tort claim." *Id.* at 9. The court concluded that

treating unjust enrichment as either a contract claim or a tort claim under Virginia law would lead

to the same result—denying Defendants' motion to dismiss the claim. "If unjust enrichment is a

---

[2]   This action was reassigned to the undersigned on August 30, 2022. On January 13, 2023, upon Plaintiffs' motion and pursuant to a settlement agreement between IPF and Plaintiffs, the Court dismissed IPF as a defendant in this action. (Dkt. No. 93). As noted above, the reference to "Defendants" throughout this Memorandum Opinion does not include IPF.

contract claim, under Virginia law, the law of the place where the implied contract was made"—Virginia—"applies." *Id.* at 9 (citing *Northstar Aviation, L.L.C. v. Alberto*, 2018 WL 10501629 at *2 (E.D. Va. Oct. 25, 2018)). "Under Virginia law, if unjust enrichment is a tort claim, the law of the place of the harm"—Nevada—"applies." *Id.* (citations omitted). The court held that the elements of unjust enrichment are "largely comparable" in both jurisdictions, and that the allegations in the SAC were "sufficient to state a plausible claim of unjust enrichment under both Virginia and Nevada law." *Id.* at 12. Defendants argued that Plaintiffs failed to allege facts regarding one of those elements—that a plaintiff conferred a benefit to the defendant. *See* Order at 11 (citing Mot. to Dismiss at 19). The court concluded that "a plaintiff need not directly confer a benefit on the defendant to have a claim for unjust enrichment," and held that Plaintiffs sufficiently alleged that SZY conferred a benefit upon Botani Labs and Hamsa Holdings through the transfer of their funds to a neutral intermediary, the subsequent transfer to Botani Labs, and the eventual transfer for no consideration to Hamsa Holdings. *Id.* at 11–12.

On August 23, 2022, Defendants filed a motion for reconsideration of the August 15 Order. Mot. for Reconsideration and to Compel Arbitration ("Mot. to Reconsider") (Dkt. No. 89). Defendants now ask this Court to reconsider Judge O'Grady's August 15 Order or, in the alternative, to compel arbitration. Mot. to Reconsider at 1. On September 6, 2022, Plaintiffs filed an Opposition to the motion for reconsideration. Opp. to Mot. for Reconsideration ("Opp. to Mot. to Reconsider") (Dkt. No. 89).

## II.    MOTION TO RECONSIDER ORDER DENYING MOTION TO DISMISS

### A.    LEGAL STANDARD

Defendants have requested reconsideration of the August 15 Order pursuant to Rule 59(e). *See* Mot. to Reconsider at 1. Rule 59(e), however, governs requests to alter or amend a "judgment," which is defined by Rule 54(a) as "a decree and any order from which an appeal lies." Fed R. Civ.

P. 59(e); Fed. R. Civ. P. 54(a). A court's order denying a motion to dismiss does not constitute a "judgment" within the meaning of Rule 59(e). *Herndon v. Alutiiq Educ. & Training, LLC*, No. 2:16cv72, 2016 WL 9450428, at *2 (E.D. Va. Aug. 15, 2016); *In re Vulcan Constr. Materials, LLC*, 463 F. Supp. 3d 816, 820 (E.D. Va. 2019). The appropriate standard by which the Court is to assess motions to reconsider an order denying a motion to dismiss is Rule 54(b), which "expressly provides a district court with discretion to revise interlocutory orders, such as an order denying a motion to dismiss, prior to final judgment." *Vulcan*, 463 F. Supp. 3d at 820 (quotation marks omitted). "'[A]ny order that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Herndon*, 2016 WL 9450428, at *2 (quoting Fed. R. Civ. P. 54(b)).[3]

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Assoc. v. Murphy*

---

[3]     Defendants contend in their Motion for Reconsideration that they had originally moved for arbitration. *See* Mot. to Reconsider at 1. But, as discussed more fully below, the Court finds that Defendants never actually moved to compel arbitration in the first instance, and Judge O'Grady did not treat its earlier motion as one to compel arbitration. The Court, therefore, reviews the Motion for Reconsideration as reconsideration of an order denying a motion to dismiss rather than of an order denying a motion to compel arbitration.

        If this Court were to treat the August 15 Order as one denying a motion to compel arbitration, the Court's decision would remain the same. The standard by which the Court assesses a motion for reconsideration of a denial of a motion to compel arbitration would likely proceed under Rule 54(b). *See Davis v. BSH Home Appliances Corp.*, No. 4:15-CV-103-FL, 2016 WL 589686, at *2 (E.D.N.C. Feb. 10, 2016) (reviewing motion to reconsider denial of motion to compel arbitration under Rule 54(b) standard); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 134 (3d Cir. 2014) ("A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation."). The Court notes, however, that there is no clear Fourth Circuit caselaw governing reviews of motions to reconsider denials of motions to compel arbitration. And "although the order denying the Motion to Compel Arbitration [does] not dispose of the case as a judgment would, [such an order is] immediately appealable pursuant to FAA § 16(a)," leaving some question as to whether a Rule 59(e) standard of review might apply. *See Dean v. Draughons Jr. College, Inc.*, 917 F. Supp. 2d 751, 755 (M.D. Tenn. 2013). If a Rule 59(e) standard did govern reconsiderations of denials of motions to compel arbitration, this Court would nevertheless reach the same conclusion and deny the Motion for Reconsideration. The Court's standard of review under Rule 59(e) would in fact be *more exacting and rigorous* than under Rule 54(b). *See Am. Canoe Assoc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment"). In the Fourth Circuit, motions to reconsider under Rule 59(e) are granted under a very narrow set of circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). As noted in the analysis below, none of those factors exists here, and this Court would deny Defendants' Motion for Reconsideration under the more strict 59(e) standard.

*Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Saint Annes Dev. Co. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting *Am. Canoe*, 326 F.3d at 514–15); *see also Fayetteville Investors v. Commercial Builders*, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991) (interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires").  While "[t]he Fourth Circuit has made clear that standards governing reconsideration of final judgments are not determinative of a Rule 54(b) motion, . . . courts have appropriately considered those factors in guiding the exercise of their discretion under Rule 54(b)." *TomTom, Inc. v. AOT Sys. GmbH*, 17 F. Supp. 3d 545, 546 & n.2 (E.D. Va. 2014) (citing cases). These courts therefore "generally do not depart from a previous ruling unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" *Id.* (citing *Am. Canoe*, 326 F.3d at 515). Such issues "rarely arise," and motions to reconsider are rarely granted. *Id.* Courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

## B.    ANALYSIS

Defendants urge this Court to reconsider the August 15 Order on two grounds. First, Defendants argue that the Court's order erred when it ruled on the merits of the 12(b)(6) motion and "deferred ruling on Defendants' motion for arbitration." Mot. to Reconsider at 1–2. They contend that the Court's decision not to consider the IPF-Botani Agreement or the arbitration clause within that agreement under Rule 12(b)(6) is out-of-step with some courts' practice of

looking outside the pleadings when considering motions to compel arbitration. *Id.* at 2–4. Defendants' arguments are unconvincing, and this Court will not depart from the Order on the arbitration issue. Defendants have identified no new factual allegations or evidence that would change the analysis set forth in the Order. Nor have Defendants identified new controlling authority that has arisen since the August 15 Order. In fact, in its original briefing prior to the Order, Defendants never raised any arguments about either deciding arbitrability before reaching the merits or looking beyond the pleadings that it now advances in its Motion for Reconsideration. *Compare* Mot. to Reconsider at 1–5 *with* Mot. to Dismiss at 14–15, Reply in Supp. Mot. to Dismiss at 3–9. Because Defendants never advanced these arguments, or ever affirmatively moved to compel arbitration, there is no basis to "reconsider" a ruling that was never sought or made. *See Durham v. Somerset Cnty., Md.*, No. CIV. JKB-12-2757, 2013 WL 5962958, at *2 (D. Md. Nov. 6, 2013).

This Court also finds that the August 15 Order's ruling deferring ruling on arbitrability and declining to look beyond the pleadings was not "clearly erroneous" and would not "work manifest injustice" if left intact. Defendants only sought dismissal under Rule 12(b)(6) in their original motion; they could have, but did not, expressly move to seek to compel arbitration or to stay the proceedings pending arbitration. *See* Mot. to Dismiss at 1 (Defendants "move[d] to dismiss the Second Amended Complaint for . . . preemption by a binding arbitration agreement" "[p]ursuant to Federal Rule[] of Civil Procedure 12(b)(6)"); *id.* at 14–15 (arguing that "Plaintiffs are bound by the contract's arbitration clause, and [that] dismissal is required under the [Federal Arbitration Act]"). In similar instances, some courts have declined to construe such requests as ones seeking to compel arbitration. *See, e.g.*, *Wabtec Corp. v. Faiveley Transp. Malmo AB*, 525 F.3d 135, 140 (2d. Cir. 2008) (declining to construe plaintiff's motion to dismiss as a motion to compel arbitration when plaintiff did not "frame its argument in terms of mandatory arbitration but in

terms of *judicial preclusion*"); *Youngevity Int'l Corp. v. Smith*, No. 16-CV-704-BTM-JLB, 2017 WL 6397559, at *1 (S.D. Cal. Dec. 13, 2017) (declining to construe counterclaim defendants' opposition as a motion to compel arbitration where the party "has not requested that the Court direct such arbitration in the manner provided for in such agreement") (quotation marks omitted). Additionally, courts have declined to look beyond the pleadings when a motion to dismiss under 12(b)(6) is made in favor of arbitration. *Harmon v. CB Squared Servs. Inc.*, No. CIV.A 3:08-CV-799, 2009 WL 234982, at *3 (E.D. Va. Jan. 30, 2009). Accordingly, the August 15 Order's rulings were neither clearly erroneous nor manifested any injustice.

Second, Defendants ask the Court to reconsider the conclusion that the the unjust enrichment claim was sufficient to survive a 12(b)(6) motion. Specifically, Defendants argue that Judge O'Grady wrongly concluded that Plaintiffs sufficiently alleged that SZY conferred a benefit upon Defendants. Mot to Reconsider at 5–7. There is no basis to depart from the Order's ruling on the unjust enrichment claim. As with the arbitration issue, Defendants have identified no new evidence or factual allegations; they have failed to identify any new controlling authority with a contrary decision of law applicable to the issue; and the decision was neither clearly erroneous nor was manifestly unjust. In seeking reconsideration of the ruling, Defendants merely rehash their arguments and repeat the underlying factual allegations made in the Second Amended Complaint. They essentially ask the Court to "rethink what the Court had already thought through." *See Above the Belt*, 99 F.R.D. at 101. That is not a legitimate basis to reconsider the August 15 Order.

Accordingly, the Court **DENIES** Defendants' Motion for Reconsideration.

## III.    MOTION TO COMPEL

### A.    LEGAL STANDARD

Defendants move, in the alternative, to compel arbitration. *See* Mot. to Reconsider at 1. Although Defendants now seek to compel arbitration, they fail to outline the elements necessary

to compel arbitration under the FAA. *See* Mot. to Reconsider at 1–5. To compel arbitration, a movant must show: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the other party to arbitrate the dispute. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002). When deciding a motion to compel, this Court may consider materials beyond the pleadings, including the IPF-Botani agreement and the arbitration provision contained therein. *Meridian Imaging Sols., Inc. v. OMNI Bus. Sols. LLC*, 250 F. Supp. 3d 13, 21 (E.D. Va. 2017); *Berkely Cnty. Sch. Dist. V. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019).

Plaintiffs do not argue that the IPF-Botani Agreement containing the arbitration clause does not apply to cover the dispute here. Rather, Plaintiffs only argue that Defendants are in default of any purported right to arbitrate because they have been delinquent in moving to compel arbitration.[4] *See* Opp. to Mot. to Reconsider at 4–6; *see also* Opp. to Mot. to Dismiss at 4–7. In their Reply in Support of their Motion to Dismiss, Defendants argued that they raised the motion to compel in their first responsive pleading, and, as such, could not be deemed to be in default any such right. Reply in Supp. Mot. to Dismiss at 5–7.

A party may be in default of, or waive, its contractual right to arbitration if it knew of the right and acted inconsistently with that right. *In re Mercury Const. Corp.*, 656 F.2d 933, 939 (4th Cir. 1981), *aff'd sub nom. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). Whether a party is in default of its right to arbitration under these circumstances is a matter for the court—not an arbitrator—to decide. *Mercury Const.*, 656 F.2d at 940 ("'[D]efault' or 'waiver' in this sense is a question solely for the court itself to resolve."). The Fourth Circuit has

---

[4] Although Defendants did not affirmatively move to compel arbitration in their original motion to dismiss, this Court has nevertheless reviewed and considered the arguments related to arbitration made by both parties in the earlier motion-to-dismiss briefing.

not set out a concrete test to analyze whether a party is in default a right to arbitration by acting inconsistently with that right, but has indicated that "[w]hether a party has waived arbitration by participating in litigation turns on the facts of each case." *Am. Heart Disease Prevention Found., Inc. v. Hughey*, 106 F.3d 389 (4th Cir. 1997). Although the concept of prejudice has been central to the Fourth Circuit's analysis of whether a party is in default of its right to arbitrate,[5] the U.S. Supreme Court has recently concluded that a party arguing against arbitration need *not* show that it was prejudiced for a finding of default. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1710 (2022). Noting that "[o]utside the arbitration context, a federal court assessing waiver does not generally ask about prejudice," the U.S. Supreme Court held that courts cannot "condition a waiver of the right to arbitrate on a showing of prejudice." *Id.* at 1713. Accordingly, this Court need not assess whether Plaintiffs have been prejudiced by Defendants' failure to move to compel arbitration at an earlier point in the proceeding, and only evaluates whether "[Defendants] knew of the right [to arbitrate] and acted inconsistently with that right." *See Mercury Const.*, 656 F.2d at 939.

**B.   ANALYSIS**

The Court finds that Defendants both knew of the right to arbitrate and acted inconsistently with that right during this litigation. First, the Court finds that Defendants were aware of any right to arbitrate disputes arising from the IPF-Botani Agreement. The IPF-Botani Agreement included a provision that stated "[t]he parties agree that any dispute or claim arising from the purchase and/or use of the product will be resolved by binding arbitration." IPF-Botani Agreement (Dkt.

---

[5]   *See, e.g., Mercury Const.*, 656 F.2d 933 ("it is only when this delay results in actual prejudice that it may amount to default"; "[i]t is only the substantially invoking the litigation machinery which will qualify as the kind of prejudice . . . that is the essence of waiver" in this context) (cleaned up); *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987) ("The dispositive question is whether the party objecting to arbitration has suffered actual prejudice. Neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration."); *Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985) (holding that "[a] litigant may waive its right to invoke the Federal Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay" and analyzing waiver by assessing whether party was prejudiced); *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 254 (4th Cir. 2001) (concluding that defendant had not waived right to arbitrate because plaintiff failed to "carry her 'heavy burden' of establishing that she suffered legally significant prejudice from [defendants'] litigation activities").

No. 76-1) at 1. Although Defendants were neither signatories to the IPF-Botani Agreement nor parties to the arbitration between IPF and Botani Labs pursuant to the arbitration clause in that agreement, Garcia—a defendant in this action—was the sole or controlling member of Botani Labs (SAC ¶¶ 4, 7), and Garcia was actively involved in that arbitration from as early as February 2021 (*see* Pet. to Vacate Arb. Award (Dkt. No. 85-5) ¶ 9)—months before Plaintiffs identified Garcia as a defendant in its FAC in this action. The Court therefore concludes that Defendants, including Hamsa Holdings, whose sole or controlling member was Garcia (SAC ¶ 5), were aware of the right to arbitrate pursuant to the IPF-Botani Agreement.

Second, Defendants' conduct in this litigation has been inconsistent with any right to arbitrate their dispute. Garcia and Hamsa Holdings were first named as defendants in this litigation on November 9, 2021 when Plaintiffs filed their First Amended Complaint—more than seven months before they moved to dismiss the complaint under Rule 12(b)(6) and more than nine months before they moved to compel arbitration. *See* FAC (Dkt. No. 19). Even crediting any deficiency in the service of process of the FAC on Defendants,[6] Defendants would have nevertheless been aware of the nature of Plaintiffs' allegations and the underlying arbitration clause when they filed their motion to set aside default judgment on April 29, 2022. Mot. to Set Aside Default (Dkt. No. 52). They did not move to compel arbitration until months later in August 2022. Indeed, Defendants failed to move to compel arbitration when they initially moved to dismiss the action under Rule 12(b)(6). Rather, Defendants waited until after they had received an unfavorable decision on the merits of their 12(b)(6) motion to argue that the court must decide the issue of arbitrability before the merits of a 12(b)(6) motion and to formally move to compel arbitration. Defendants' actions are inconsistent with their right to arbitrate this dispute. Accordingly, this Court **DENIES** Defendants' Motion to Compel Arbitration.

---

[6]     As discussed above, Defendants "waive[d] their challenges to the validity of service of process on them in this matter." Stipulation (Dkt. No. 83) at 1.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration and to Compel Arbitration (Dkt. No. 89) is **DENIED.**

It is **SO ORDERED**.

_____
/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
March 6, 2023

13